Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREATIVE PHOTOGRAPHERS, INC, a New York Corporation;<br><br>Plaintiff,<br><br>v.<br><br>IMPACT PUBLICATIONS, INC., d/b/a "Westlake Malibu Lifestyle," a California Corporation; DIANA ADDISON LYLE, an individual; and DOES 1-10,<br><br>Defendants. | Case No.<br><br>PLAINTIFF'S COMPLAINT FOR:<br>1. Copyright Infringement;<br>2. Vicarious and/or Contributory Copyright Infringement; and<br>3. Violations of the Digital Millennium Copyright Act (17 U.S.C. § 1202)<br><br>Jury Trial Demanded |

Plaintiff Creative Photographers, Inc. ("CPI") hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4. CPI is a premier photographic syndication company that provides photos of models and celebrities created by internationally renowned photographers to communication and media businesses. CPI is the exclusive licensing agent and syndicator for the photographs at issue in this case and the copyrights therein and thus has standing to maintain this action under 17 U.S.C. § 501(b).

5. Upon information and belief, Defendant Impact Publications, Inc. d/b/a "Westlake Malibu Lifestyle" ("Impact") is a California limited liability company with principal places of business located at 4903 Lazio Way, Oak Park, California 91377.

6. Upon information and belief, Defendant Diana Addison Lyle ("Lyle") is an individual residing in Los Angeles, CA, and is the founder and owner of Impact.

7. Lyle and Impact own, operate and/or control the commercial website www.wmlifestyle.com and https://p76913.a2cdn1.secureserver.net/wp-content/uploads/2020/07/Kobe-Bryant-Final-Bow.jpg and its related/affiliate subdomains, mobile websites, social media pages, and applications (altogether, "Defendants' Websites").

8. Defendants Does 1-10 are other parties not yet identified who have infringed Plaintiff's copyrights. The true names, whether corporate, individual, or otherwise, of Defendants Does 1-10 are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

9. At all relevant times, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining

Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## DEFENDANTS' UNAUTHORIZED EXPLOITATION OF THE SUBJECT PHOTOGRAPH

10. Professional photographer Michael Muller took and owns an original photograph registered with the U.S. Copyright Office and entitled "Nike_Kobe-32866_ROUGH_PIX1" (the "Subject Photograph"). CPI is the exclusive licensing agent and syndicator for Mueller and the Subject Photograph.

11. Defendants, and each of them, used the Subject Photograph for commercial purposes without CPI's authorization on the "Accused Posts, as shown below:



| Subject Photograph | Accused Posts |
| --- | --- |
|  | https://wmlifestyle.com/sports-kobe-bryant/ |

| Subject Photograph | Accused Posts |
|---|---|
|  | https://p76913.a2cdn1.secureserver.net/wp-content/uploads/2020/07/Kobe-Bryant-Final-Bow.jpg |

12. To the extent Defendants exploited the Subject Photograph more than three years before the filing of this case, CPI did not know, and had no reason to know, of such exploitations.

### FIRST CLAIM FOR RELIEF

### (Copyright Infringement)

13. Plaintiff incorporates by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

14. Upon information and belief, Defendants, and each of them, had access to the Subject Photograph, including through Plaintiff's and or the relevant photographer's website, social media accounts, profiles, galleries, exhibitions, and/or authorized licensees; third-party websites or Internet search engines; and/or because the copies displayed on Defendants' Websites are verbatim copies of, and thus strikingly similar to, the Subject Photograph.

15. Defendants, and each of them, copied, displayed, distributed, reproduced, and otherwise exploited the Subject Photograph for commercial purposes on Defendants' Websites without Plaintiff's authorization.

16. Due to Defendants' acts of copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

17. Due to Defendants' acts of copyright infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement. As such, Plaintiff is entitled to disgorgement of Defendants' profits attributable to the infringement in an amount to be established at trial.

18. Upon information and belief, Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of, or with reckless disregard or willful blindness for, Plaintiff's rights in the Subject Photograph, such that said acts of copyright infringement were willful.

## SECOND CLAIM FOR RELIEF

### (Vicarious and/or Contributory Copyright Infringement)

19. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

20. Lyle had knowledge of, and materially contributed to, the Accused Posts; and had the right and ability to supervise, and a direct financial interest in (and realization of profits through), Impact's conduct alleged herein—specifically, the storage, copying, display, publication, reproduction, creation of derivative works, distribution, and/or other use of the Accused Posts on the Defendants' Websites.

21. As a result of Lyle's acts of contributory and/or vicarious copyright infringement, Plaintiff has suffered, and will continue to suffer, damages in an amount to be established at trial.

22. Due to Lyle's acts of contributory and/or vicarious copyright infringement, Lyle has obtained profits she would not have realized but for her infringement of Plaintiff's copyrights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Lyle's profits attributable to her and Impact's infringement of Plaintiff's copyright in and to the Subject Photograph, in an amount to be established at trial.

23. Upon information and belief, Plaintiff alleges that Lyle has committed contributory and/or vicarious copyright infringement with actual or constructive knowledge of Plaintiff's rights, such that said acts of contributory and/or vicarious copyright infringement were, and continue to be, willful, intentional, malicious, and/or taken with reckless disregard for Plaintiff's rights.

### THIRD CLAIM FOR RELIEF

**(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)**

24. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

25. The Subject Photograph was routinely published with attribution, credit, and other copyright management information ("CMI") identifying the photographer as the author and Plaintiff as an owner of rights in the copyright to the Subject Photograph.

26. Defendants, and each of them, removed the photographer's CMI to conceal the infringement at issue and to enable Defendants, and each of them, to exploit and display the Subject Photograph on Defendants' Websites in violation of the Copyright Act, as depicted in the nonexclusive exemplar below:

/ / /

/ / /

/ / /

/ / /




Defendants' Website:



27. Defendants engaged in the above acts knowingly, and with an intent to conceal, facilitate and otherwise further their acts of infringement.

28. As a result of the above, Plaintiff was damaged and seeks damages under 17 U.S.C. § 1203, including without limitation, actual damages, statutory damages, and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a. That Defendants, each of them, their respective agents, and/or anyone else working on behalf of or in concert with Defendants or their respective agents, be enjoined from further exploiting the Subject Photograph for commercial purposes in any manner without Plaintiff's authorization absent some independent legal right;

b. That Plaintiff be awarded all Defendants' profits, and each of them, plus all Plaintiff's losses, attributable to Defendants' infringement, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages as available under 17 U.S.C. § 504;

c. That Plaintiff be awarded its attorneys' fees as available under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: June 9, 2025           By:     /s/ *Stephen M. Doniger*
                                      Stephen M. Doniger, Esq.
                                      Benjamin F. Tookey, Esq.
                                      DONIGER / BURROUGHS
                                      *Attorneys for Plaintiff*